IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT E. CONNER,<br><br>    Plaintiff,<br><br>  v.<br><br>K.R. CRUSE, et al.,<br><br>    Defendants.<br>_____ | No. C 09-4650 MMC (PR)<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO STAY DISCOVERY; GRANTING PLAINTIFF'S REQUEST FOR EXTENSION OF TIME TO OPPOSE MOTION FOR SUMMARY JUDGMENT; DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL**<br><br>(Docket Nos. 14, 15, 19, 24, 25) |

On September 30, 2009, plaintiff, a California prisoner incarcerated at Pelican Bay State Prison ("PBSP") and proceeding pro se, filed the above-titled civil rights action under 42 U.S.C. § 1983. The Court addresses herein several motions filed by the respective parties to said action.

A. <u>Motion to Stay Discovery</u>

In the instant action, plaintiff alleges the violation of his right to due process based on his allegation that he was not provided with notice and a hearing prior to his placement in the Behavior Management Unit ("BMU") at PBSP. Defendants have filed a motion for summary judgment in which they argue that no constitutional violation occurred because (1) due process does not require notice and a hearing prior to a prisoner's placement in the BMU, as such placement does not implicate a constitutionally-protected liberty interest, see Sandin v. Connor, 515 U.S. 472, 484-87 (1995); (2) plaintiff was provided with a hearing

prior to his placement in the BMU, and defendants were unaware that plaintiff had not received prior notice of the hearing; (4) upon defendants' learning, after the hearing was held, that plaintiff had not received prior notice, defendants informed plaintiff he would be provided a new hearing; and (4) plaintiff waived his right to a new hearing. Additionally, defendants argue that even if a constitutional violation did occur, they are entitled to summary judgment on grounds of qualified immunity because at the time of defendants' actions it was not clearly established that their actions violated due process or that their actions were unreasonable under the circumstances. (Docket No. 10.)

Plaintiff has not filed opposition to defendants' motion, as he seeks to engage in discovery prior to doing so. Defendants, however, have moved to stay discovery until the Court has ruled on their qualified immunity argument. Plaintiff objects to defendants' motion on the ground that defendants, in their motion for summary judgment, have, in addition to raising a qualified immunity argument, taken the position that no constitutional violation occurred; plaintiff argues he requires discovery to raise a triable issue of fact in opposition thereto.

The defense of qualified immunity protects "government officials . . . from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). A court considering a claim of qualified immunity must determine (1) whether the plaintiff has alleged the deprivation of an actual constitutional right, and (2) whether such right was clearly established such that it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted. Pearson v. Callahan, 129 S. Ct. 808, 818 (2009).

A ruling on the issue of qualified immunity should be made early in the proceedings so that the costs and expenses of trial are avoided where the defense is dispositive. Saucier, 533 U.S. at 200. Qualified immunity is particularly amenable to adjudication by summary judgment. Martin v. City of Oceanside, 360 F.3d 1078, 1081 (9th Cir. 2004). Further, as a general rule, a district court should stay discovery until the issue of qualified immunity is

resolved. See Crawford-El v. Britton, 523 U.S. 574, 598 (1998).

Assuming, for the purposes of defendants' motion to stay discovery, plaintiff's right to due process was violated by defendants' actions, and in light of defendants' argument that they are entitled to qualified immunity because it would not have been clear to a reasonable officer that his conduct violated plaintiff's clearly established constitutional rights, the Court finds discovery should be stayed in the instant manner until the issue of qualified immunity is resolved. Accordingly, defendants' motion to stay discovery will be granted.

B. Motion for Extension of Time

Plaintiff seeks an extension of time to file opposition to defendants' motion for summary judgment. Good cause appearing, the motion will be granted, as set forth in the Conclusion section of this order.

C. Motion for Appointment of Counsel

Plaintiff moves for the appointment of counsel to represent him in the instant proceedings. There is no constitutional right to counsel in a civil case such as this. See Lassiter v. Dep't of Social Services, 452 U.S. 18, 25 (1981). Rather, pursuant to 28 U.S.C. § 1915, a district court has the power to "request" that counsel represent a litigant who is proceeding in forma pauperis. 28 U.S.C. § 1915(e)(1). The decision to request counsel to represent an indigent litigant under § 1915 is within "the sound discretion of the trial court and is granted only in exceptional circumstances." Franklin v. Murphy, 745 F.2d 1221, 1236 (9th Cir. 1984). A finding of "exceptional circumstances" requires an evaluation of (1) the likelihood of the plaintiff's success on the merits, and (2) the plaintiff's ability to articulate his claims pro se in light of the complexity of the legal issues involved. See Agyeman v. Corrections Corp. of America, 390 F.3d 1101, 1103 (9th Cir. 2004).

At this point in the proceedings, a determination as to plaintiff's likelihood of success would be premature; additionally, plaintiff has been able to present his claims in an adequate manner. Consequently, the Court finds there are no exceptional circumstances warranting appointment of counsel at this time. Should the circumstances of the case materially change, the Court may reconsider plaintiff's request sua sponte. Accordingly, the

3

motion for appointment of counsel will be denied.

## CONCLUSION

For the reasons stated above, the Court orders as follows:

1. Defendants' motion to stay discovery until the matter of qualified immunity is resolved is hereby GRANTED.

2. Plaintiff's request for an extension of time to oppose defendants' summary judgment motion is hereby GRANTED.

Within **thirty** days of the date this order is filed, plaintiff shall file with the court and serve on defendants' counsel plaintiff's opposition.

Defendants shall file a reply to the opposition within **fifteen** days of the date defendants' counsel is served with such opposition.

3. Plaintiff's request for appointment of counsel is hereby DENIED.

This order terminates Docket Nos. 14, 15, 19, 24 and 25.

IT IS SO ORDERED.

DATED: May 5, 2011

_____
MAXINE M. CHESNEY
United States District Judge